JOSEPH HEATH *vs.* CHARLES RANDALL.

Where goods are sold and delivered under an agreement that until paid for they shall remain the property of the seller, who shall have the right in the mean time to take them away whenever he pleases, the seller has an implied irrevocable license to enter upon the buyer's land and take the goods, without a previous demand, at any time before the whole of the price is paid.

THIS was an action of trespass, for breaking and entering the plaintiff's close, and taking and carrying away a yoke of oxen, the property of the plaintiff. The defendant specified in defence that he was the owner of the oxen, and had a right to enter the plaintiff's premises and take them. The case was tried before *Hopkinson*, J., in the court of common pleas.

The plaintiff proved the entry by the defendant upon the close described in the declaration, which was a pasture belonging to the plaintiff, and the taking of the oxen therefrom, while thus in the plaintiff's possession.

The defendant called a witness, who testified, that in September, 1846, at which time the defendant owned the oxen, he was called to witness a contract between the parties. The plaintiff said that he had bought the defendant's oxen, and was to pay him $75 for them; $10, in a few days, and the residue as soon as he could get the money; that the cattle were to remain the defendant's until paid for; and that the defendant had a right to take them away any day (until paid for) even if it were the next day. The oxen were then delivered by the defendant to the plaintiff. No demand was ever made for the oxen, but after the sale, and before they were taken by the defendant, the plaintiff paid $25 towards them.

The judge instructed the jury, that if the contract of sale between the parties was as stated by the witness, the defendant had a right to take the oxen without any previous demand of the purchase money, and that the defendant had a right to go upon the plaintiff's land to take them.

The jury returned a verdict for the defendant, and the plain‧ tiff alleged exceptions.

*W. A. Bryant,* for the plaintiff, contended, that the vendor had no right, after part payment, to retake the property without a previous demand ; *Fairbank* v. *Phelps,* 22 Pick. 535 *Ayer* v. *Bartlett,* 9 Pick. 156 ; *Wheeler* v. *Train,* 3 Pick. 255 ; *Reed* v. *Upton,* 10 Pick. 522 ; and was therefore a trespasser. 2 Gr. Ev. § 622 ; *Guille* v. *Swan,* 19 Johns. 381 ; *Heermance* v. *Vernoy,* 6 Johns. 5.

*N. Wood,* for the defendant.

SHAW, C. J.   We think the direction of the court below was right.   The sale of the oxen was a conditional one, and the condition was precedent, so that no property passed by such sale to the vendee, until performance.   It seems that such a conditional sale, though accompanied with an actual delivery for a special purpose, will not vest the property, so that it may be attached by a creditor of the vendee.   *Barrett* v. *Pritchard,* 2 Pick. 512 ; *Reed* v. *Upton,* 10 Pick. 522.   But however that may be, the court are of opinion, that such a condition is valid, as between the parties, and no right can be set up by the vendee against the vendor.   Then the delivery of the oxen to the plaintiff was made in pursuance of an agreement, that, until paid for, the defendant should have a right to take them away at any time ; indeed, in the absence of any agreement to the contrary, the defendant would have had that right, under the maxim, that the right of possession follows the right of property.   The plaintiff, recognizing this right, and putting the oxen into his own close, thereby gave the defendant an implied and irrevocable license to enter such close, in order to take them.   *Wood* v. *Manley,* 11 Ad. & El. 34.

The entry of the defendant, therefore, into the plaintiff's premises, under such implied license, was no breach of his close, and no trespass.            *Exceptions overruled.*